UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELVIN B. SIMPSON,

      Petitioner,

v.                                                Case No: 6:14-cv-1949-Orl-37DAB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE OF
FLORIDA,

      Respondents.
_____/

## ORDER

This cause is before the Court on the Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition") filed by Petitioner pursuant to 28 U.S.C. § 2254. Respondents filed a Motion to Dismiss Petition (Doc. 9) ("Motion to Dismiss"), arguing that the Petition is successive. Petitioner filed a Reply (Doc. 11) to the Response. For the reasons set forth herein, the Petition is dismissed as a successive petition pursuant to 28 U.S.C. section 2244(b).

### I. DISCUSSION

Petitioner was adjudicated guilty of second degree murder, and he was sentenced on April 4, 1995, to life imprisonment. Petitioner previously filed a request for habeas corpus relief under section 2254 with respect to this conviction/sentence: Case No. 3:04-cv-994-J-25HTS. In that case, the Court entered an Order on March 20,

2009, granting Petitioner habeas relief on his claim of ineffective assistance of counsel for failing to advise him about the consequences of rejecting a plea offer from the State. (Case No. 3:04-cv-994-J-25HTS, Doc. 81). However, the Eleventh Circuit Court of Appeals concluded that the Court abused its discretion in granting an evidentiary hearing on this particular claim of ineffective assistance of counsel and erred when it granted Petitioner habeas relief. (Case No. 3:04-cv-994-J-25HTS, Doc. 94). The Eleventh Circuit Court of Appeals reversed the Court's Order and rendered judgment for the State. (*Id*.). The Supreme Court denied certiorari. (Case No. 3:04-cv-994-J-25HTS, Doc. 95).

Pursuant to 28 U.S.C. section 2244(b)(3)(A), the Court cannot consider a second or successive habeas petition until a panel of the Eleventh Circuit Court of Appeals has authorized its filing. In the Petition, Petitioner raises three grounds for relief, all of which pertain to the conviction/sentence from 1995. Petitioner argues in the Reply that the trial court entered an amended judgment on March 12, 2014, and that, as a result, the Petition is not successive. However, the amended judgment was merely "amended as to credit time served," and Petitioner has not raised any grounds pertaining to the amended judgment. (Doc. 1-7 at 2). Clearly, the Petition is successive.

There is no indication that Petitioner applied for and was granted leave to file a second or successive habeas corpus petition by the Eleventh Circuit Court of Appeals. Before Petitioner will be permitted to file a second or successive habeas corpus

application in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider the application.

As a result, under the requirements set forth in section 2244(b), the Petition, which is successive, cannot be entertained by this Court, and it will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that section 2244(b)(2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, section 2244(d) imposes a time limitation on the filing of a habeas corpus petition.

## II. CONCLUSION

Accordingly, it is now **ORDERED AND ADJUDGED** as follows:

1. Respondents' Motion to Dismiss (Doc. 9) is **GRANTED**, and this case is **DISMISSED without prejudice**.

2. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

3. The Clerk of the Court also is directed to send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

**DONE** and **ORDERED** in Orlando, Florida on May 11th, 2015.

_____
ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 5/11